DAVIS *v.* ROSENTHAL PLYWOOD SALES CO.

In Banc. Nov. 14, 1949.

No. 37030  (42 So. (2d) 750

Dan E. Breland and Pyles & Tucker, for appellant

R. H. & J. H. Thompson, for appellee.

Smith, J.

We have thoroughly examined the entire record in this case, including all of the several hundred exhibits; and have carefully considered the briefs of both parties to the appeal. We have reached the unanimous conclusion that the trial court committed no reversible error, and, therefore, the decree thereof is affirmed.

The record in this case consists of three volumes. Volumes I and III are not bound as required by Supreme Rule No. 1. The binder used in each case is a looseleaf one, wherein the pages or contents are fastened by rings passing through eyelets. Many of them have pulled through the eyelets and, hence, are not fastened at all. This kind of binder is susceptible to other dangers,— extraction, addition, or substitution of the separate pages, unauthorizedly, or with even possibly corrupt purposes; or they may become loose and lost accidentally.

Volume II contains nearly three hundred pages, contrary to the requirement that any bound record volume here shall not "exceed in any case two hundred and fifty pages".

It is true that while Volume III contains only the original exhibits sent to the Supreme Court on proper authority, the method of securing and transmitting the same must be condemned for the same reasons stated, supra.

Rule No. 1 of this Court also requires, among other things set forth therein, that each "typewritten transcript shall be securely bound in non-flexible pasteboard covers, with marbled sides". These looseleaf binders violate this provision.

Nothing said herein is to be deemed as having even the remotest reference to any attorney connected with this case, or of ascribing to any official any ulterior motive in connection with the record. Our only purpose in mentioning the matter here is to call attention of attorneys and officials to the mandatory requirements of our rule pertinent to the situation before us. The rules of this Court are based on sound reason and long experience, and must be followed in all cases, except where suspended in accordance with Supreme Court Rule 32. Attention is called specifically to the concluding paragraph of Rule 1, supra. Although in the instant case we are not

inflicting any penalty, we promise no immunity for similar future offenses against the rule.

The decree of the Chancery Court, as already stated, is affirmed.

Affirmed.